DeFrees, Appellant, *v.* White, Chief Burgess.

Argued October 3, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Charles H. Weidner*, with him *Stevens & Lee,* for appellant.—As a general rule the constitutionality or legality of a law may be determined in an action of mandamus and this is especially so where the refusal to decide it would work injury to plaintiff or put him to two separate actions: Graeff v. Keilman, 92 Pa. Superior Ct. 558; Com. v. Heckert, 7 Pa. Dist. R. 186; Com. v. Mathues, 210 Pa. 372.

The Act of June 29, 1923, P. L. 949, expressly gave to boroughs the right to establish building lines and the power is also given in the Borough Code of May 4, 1927, P. L. 519, at page 575, general power No. XXV of section 1201 of article XII: Lower Merion Twp. v. Harrison, 84 Pa. Superior Ct. 574; Kneedler v. Boro., 100 Pa. 368; Emaus Boro. v. Trust Co., 6 D. & C. 395.

*John W. Speicher,* for appellee.—Mandamus goes out only where there is a clear legal right in the relator and a corresponding duty upon the defendant: Com. v. Fitler, 136 Pa. 129; Com. v. Kessler, 222 Pa. 32; Davis v. Patterson, 12 Pa. Superior Ct. 479; Wilkes-Barre v.

Garabed, 11 Pa. Superior Ct. 355; Shoemakersville Boro. v. Christ, 19 Berks 298.

Opinion by Mr. Justice Simpson, November 25, 1929:

Plaintiff, who resided in the Borough of Shillington, wished to enclose the front porch of his home, and applied to defendant, who was its chief burgess, for a permit to do so. Defendant refused to give the permit, whereupon plaintiff sought, by mandamus, to compel him to issue it. The court below overruled plaintiff's demurrer to the return to the alternative writ, and dismissed the proceedings; whereupon he prosecuted this appeal.

Admittedly, defendant's only authority for issuing a permit is contained in the following section of an ordinance of the borough:

"Before the erection, alteration, raising or moving of any building or structure within the Borough of Shillington, a permit must first be obtained of the Chief Burgess, said permit to entitle the person or persons, firm or corporation obtaining such permit to have use of the street in length a distance of ten feet beyond the lines of such building or structure on each side and a depth of ten feet from curb line, during the erection, alteration, raising or moving of such building or structure, provided a proper caution is taken to avoid accidents to teams or pedestrians during the time of use of said street, such as properly guarding all such obstructions that may be placed on said street during night and day. The owner of property covered by the permit shall be held responsible for any damages that may result from any obstructions placed on the street or otherwise."

Under this provision it does not clearly appear that defendant has anything to do with the granting of a permit to enclose the front porch of an existing building, even if it be held that such work is the "alteration......of any building or structure"; but rather that he is only to issue a "permit [entitling the permittee] to have

use of [a portion of] the street." So far as the record discloses, a permit for the purpose last stated was neither asked for nor refused, and hence the mandamus proceedings were properly dismissed.

The judgment of the court below is affirmed.